UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GENEVA ELAINE HAMES, ) | C/A No.  4:11-710-CMC-TER |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| WARDEN, LEATH CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, Geneva Elaine Hames (Petitioner), is currently incarcerated at Leath Correctional Institution. Petitioner appearing *pro se*, filed her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 24, 2011. Respondent filed a motion for summary judgment on August 19, 2011, along with a return, supporting memorandum and exhibits. The undersigned issued an order filed August 22, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if she failed to respond adequately. (Doc. #26).   Petitioner filed a response on September 12, 2011.

### I.  PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

verbatim, in part.

Petitioner is currently incarcerated in Leath Correctional Institution pursuant to orders of commitment from the Clerk of Court of Spartanburg County. A Spartanburg County Grand Jury indicted Petitioner in February 2007 for grand larceny, kidnapping, assault and battery with intent to kill, armed robbery, and burglary first degree. (PCR App. pp. 262-263; pp. 265-266; pp. 268-269; pp. 271-272; pp. 274-275). Joshua Schultz, Esq., represented Petitioner on the charges. Petitioner was tried by a jury on June 12, 2007. The Honorable Lee S. Alford presided. The jury convicted as charged. (PCR App. pp. 251-252). Judge Alford sentenced Petitioner to five (5) years imprisonment for grand larceny; and, twenty (20) years imprisonment on each of the remaining convictions, all to be served concurrently. (PCR App. pp. 259-260). Petitioner appealed.

Wanda H. Carter, Deputy Chief Appellate Defender of the South Carolina Office of Indigent Defense, Division of Appellate Defense, was appointed to represented Petitioner on appeal. Prior to briefing, however, Petitioner, through counsel, moved to dismiss the appeal. Petitioner also submitted an affidavit indicating she understood she had the right to appeal, and the right to legal representation on appeal, and had been warned that dismissing the appeal would result in waiver of direct appeal issues. On January 17, 2008, the South Carolina Court of Appeals dismissed the appeal and issued the remittitur.

On April 15, 2008, Petitioner filed an application for post-conviction relief ("PCR"), in which she alleged ineffective assistance of counsel, and claimed: "My true side of all that actually took place has never been told." (PCR App. p. 278).

The State made its return to the application on August 5, 2008. (PCR App. pp. 282-285). Rodney Richey, Esq., represented Petitioner in the action and filed an amendment to the application

on November 26, 2008, to include various allegations regarding counsel's investigation, his consultation with and advice to his client, his challenge to the State's case, his failure to call alibi witness, and his failure to appeal. An evidentiary hearing was held January 13, 2009, before the Honorable J. Derham Cole. At the conclusion of the hearing, Judge Cole took the matter under advisement. (PCR App. p. 334).

On January 16, 2009, Judge Cole issued a short form order denying relief with the notation that a formal written order would follow. On February 23, 2009, Judge Cole issued a formal Order of Dismissal. (PCR App. pp. 335-339). In the order, the PCR judge reviewed the facts presented during the evidentiary hearing, and ruled counsel was not ineffective in his investigation of the case or the presentation of the defense of duress, pursuant to the Strickland v. Washington, 466 U.S. 668 (1984) test. (PCR App. pp. 336-339). Petitioner did not file a motion to alter or amend, but appealed the denial of relief.

Kathrine H. Hudgins, Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. Counsel filed a Johnson Petition for Writ of Certiorari in the Supreme Court of South Carolina on December 30, 2009, and raised the following issue:

> Did the PCR judge err in refusing to find counsel ineffective for not allowing petitioner to present evidence that the co-defendant set her up to gain access inside the home where the co-defendant shot[,] detained and robbed the victim?

(Johnson Pet., p. 2).

Counsel also included a petition to be relieved as counsel, noting that "[i]n her opinion seeking certiorari from the order of dismissal is without merit." (Johnson Pet., p. 8). On January 4, 2010, the State, through Assistant Attorney General Suzanne H. White, submitted a letter in lieu of a formal

return. By letter dated December 31, 2009, the Clerk of the Supreme Court of South Carolina advised Petitioner of her right to submit a pro se response and "argue any issues [she] believe[d] the Court should consider" on appeal. Petitioner subsequently filed a pro se response. The Supreme Court of South Carolina denied the petition on February 3, 2011, and issued the remittitur on February 23, 2011.

## II.  HABEAS ALLEGATIONS

Petitioner filed her petition on March 24, 2011, in which Petitioner raises the following, quoted verbatim:

GROUND ONE:    State v. Cull. It is a 2000 Supreme Court case. And it is stated during my 2 day jury trial. The judge gave his approval for it to be used.

GROUND TWO:    Federal rules of Evidence 603. Which to my understanding is a little more expansive than State v. Cull.

GROUND THREE:  The State purposely kept my statements out of the Court Room.

GROUND FOUR:   My DNA has never been brought up or mentioned in a favorable light; within a court of law.

(Habeas Petition, pp. 5-9).

## III.  SUMMARY JUDGMENT

As stated above, the Respondent filed a return and memorandum of law in support of the motion for summary judgment. Petitioner filed a response.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972);

4

Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would

apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries

v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id.  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).  Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## V.  PROCEDURAL BAR

A.  Exhaustion and Procedural Bypass

The doctrines of exhaustion and procedural bypass can bar a federal habeas claim if a petitioner has not first submitted his claims for relief to the state courts.  Generally, pursuant to the exhaustion doctrine[2], a habeas petitioner will be procedurally barred from bringing a federal habeas claim if the claim has not first been presented to the state's highest court with authority to decide the issue.  See 28 U.S.C. §2254[3]; Rose v. Lundy, 455 U.S. 509, 515 (1982).

---

[2]  As stated by the Supreme Court:
> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

[3]  §2254(b) and (c) read as follows:
(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207; Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann. §17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.

When the petition for habeas relief is filed in the federal court, a petitioner may present only

---

>     pursuant to the judgment of a State court, shall not be granted unless it appears that
> 
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > 
> > (B)(I) there is either an absence of available State corrective process; or
> > 
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
> 
> (2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> 
> (3)   A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> 
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must present the issue to the state court before requesting a writ of habeas corpus in the federal courts. See Rose, 455 U.S. at 515; Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983); Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977).

If a petitioner fails to raise a claim at the appropriate time in state court and state procedural rules bar further means of presenting the issue to the state courts, the claims is procedurally bypassed and, generally, is procedurally barred from federal habeas review. Smith v. Murray, 477 U.S. 527, 533 (1986).

Federal courts have jurisdiction to consider habeas claims subject to procedural bar (through exhaustion or procedural bypass); however,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

B.  Cause and Actual Prejudice

In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or

demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

If a petitioner fails to show "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI. ANALYSIS

Respondent contends that the claims raised by Petitioner are procedurally barred as Petitioner voluntarily dismissed her direct appeal and that none of the claims presented in this petition were raised to and ruled upon by the PCR judge and subsequently raised in the PCR appeal. Respondent notes that Petitioner appears to argue that she attempted to raise claims one, two, and three in her

pro se filing in the PCR appeal but the issues were not addressed in the Order of Dismissal and were not available for review. Respondent argues Petitioner failed to properly file a motion to alter or amend pursuant to Rule 59(e).

In Ground One, Petitioner asserts that the trial judge erred in his ruling to allow impeachment of her co-defendant with prior convictions based on the state law decision of State v. Cull. In response to the motion for summary judgment, Petitioner states that she takes issue with the trial judge's ruling that allowed impeachment of Petitioner's character witness, her brother, with prior convictions.(Doc. #30, p. 1). As this is an issue of interpretation of state law it is not cognizable in federal habeas review. A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Even if this issue was cognizable in federal habeas review, this issue is procedurally barred. Petitioner voluntarily dismissed her direct appeal and this issue was not raised and ruled upon by the PCR court. Therefore, this issue is procedurally defaulted. Therefore, it is recommended that Ground One be dismissed and Respondent's motion for summary judgment granted with respect to this issue.

In Ground Two, it appears Petitioner is alleging that Federal Rules of Evidence 603 should have been applied instead of state law or that state law as interpreted in State v. Cull should have been applied the same as federal law. In her response to summary judgment, Petitioner asserts that she wanted to bring up past convictions to impeach the credibility of the state's witness. Petitioner asserts that "'I wanted to merely show the likeness of the two.' Both of these; State v. [C]ull and federal rules of evidence; as I stated above are in harmony, 'one with the other.' I also brought this important issue out: the state rules of evidence govern the competency of a witness. This is where

State v. [C]ull a 2000 Supreme Court case; would come into play." (Doc. #30, p. 6). Again, as this is an interpretation of state law, it is not cognizable in habeas review. Estelle, supra. Even if the issue was cognizable for federal review, this issue is procedurally barred. Petitioner voluntarily dismissed her direct appeal and this issue was not raised and/or ruled upon by the PCR court. Thus, it is recommended that this issue be dismissed and Respondent's motion for summary judgment granted with respect to Ground Two.

In Ground Three, Petitioner alleges that the "State purposely kept my statements out of the Court Room." (Petition). First, as this is an issue of evidence, the court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998). Even if this was a cognizable issue for federal habeas review, this issue is procedurally barred in that the direct appeal was voluntarily dismissed by the Petitioner, and the issue was not raised or ruled upon by the PCR court. Therefore, it is recommended that this issue be dismissed and Respondent's motion for summary judgment granted with respect to Ground Three.

In Ground Four, Petitioner asserts that it was error that her "DNA has never been brought up or mentioned in a favorable light; within a court of law." in her response, Petitioner asserts that she wanted to use DNA evidence to "access proof of my 'innocence.'"(doc. #30, p. 19). This issue is procedurally barred from habeas review as it was not ruled upon by the state courts. Petitioner voluntarily dismissed her direct appeal and the issue was not raised and/or ruled upon by the PCR court. Therefore, it is recommended that the issue be dismissed as procedurally barred from federal habeas review.

As discussed above, even if the issues were cognizable for federal habeas review, all of the

issues raised in Petitioner's petition are procedurally barred. Petitioner voluntarily dismissed her direct appeal, and the issues were either nor raised or not ruled upon by the PCR court in its Order of Dismissal. Petitioner failed to properly request a ruling pursuant to Rule 59(e), SCRCP.[4] Failure to do so results in a procedural bar. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007).[5] Therefore, these claims are procedurally barred from review in federal habeas corpus. Coleman, 501 U.S. 722 (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). Petitioner has not demonstrated cause and prejudice for her procedural default of these claims. Accordingly, it is recommended that Grounds One, Two, Three, and Four be dismissed as state law issues are not cognizable for federal review and as procedurally barred.

## VII. CONCLUSION

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #23) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

---

[4] To avoid application of procedural bar to an issue raised but not ruled on by the PCR court as required by S.C. Code Ann. 17-27-80, a motion to alter or amend pursuant to Rule 59(e), SCRCP, must be made.

[5] In Bostic v. Stevenson, 589 F.3d 160, 162–65 (4th Cir.2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar. See Mendenhall v. Cohen 2011 WL 1119178 (D.S.C. 2011).

Respectfully submitted,


<u>s/Thomas E. Rogers, III</u>
Thomas E. Rogers, III
United States Magistrate Judge


October <u>24</u>, 2011
Florence, South Carolina


**The parties' attention is directed to the important notice on the next page.**